# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**FLUOR CORPORATION,**

      Plaintiff,

 vs.                    Case No. 07-MISC-42

**AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY,**

      Defendant.

## DECISION AND ORDER

   This miscellaneous matter relates to an insurance dispute currently pending in the Central District of California. On January 4, 2007, the defendant, American International Specialty Lines Insurance Company ("AISLIC"), issued a *subpoena duces tecum* upon Metso Minerals Industries, Inc. ("Metso"), a non-party to the underlying dispute. Metso has not responded to the subpoena, and AISLIC filed a Rule 7.4 Expedited Non-Dispositive Motion to Compel Metso to produce documents and a corporate representative for deposition in response to its subpoena.

   In its moving papers, AISLIC included a Rule 37.1 statement along with correspondence between counsel for Metso and AISLIC subsequent to service of the subpoena. However, upon review of this correspondence, AISLIC did not make a good faith attempt to resolve this dispute prior to seeking Court intervention. *See* Fed. R. Civ. P. 37(a)(2)(A) (moving party must include a "certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to

secure the disclosure without court action"). Specifically, AISLIC cut short the negotiations and failed to narrow the list of document requests and deposition topics after Metso's reasonable objections thereto. *See Naviant Mktg. Solutions, Inc. v. Larry Tucker, Inc.*, 339 F.3d 180, 186 (3d Cir. 2003) (noting the difference between "an attempt to confer" and a "good faith attempt to confer"); *Williams v. Board of County Commissioners of the Unified Gov't of Wyandotte County and Kansas City, Kansas*, 192 F.R.D. 698, 699 (D. Kan. 2000) (reasonable effort to confer requires that counsel converse, confer, compare views, consult and deliberate).

Accordingly, the Court will deny AISLIC's motion to compel without prejudice to future efforts to enforce its subpoena. The Court notes that the scope of the document request appears to be extremely broad, possibly unduly burdensome. If future efforts to reach an amicable resolution are unsuccessful, a more appropriate vehicle for the Court to adjudicate the legitimacy of the subpoena would be in the context of a motion to quash or a straightforward motion to compel, not an expedited Rule 7.4 motion

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

AISLIC's motion to compel [Docket No. 1] is **DENIED**.

Dated at Milwaukee, Wisconsin, this 30th day of March, 2007.

        **BY THE COURT:**

        **s/Rudolph T. Randa**
        **HON. RUDOLPH T. RANDA**
        **Chief Judge**